# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

In re:

WILLIAM F. WARD, II, a/s/f WARD
AUTOMATIVE, INC.,

BKY No. 04-44626
Adv. No. 05-4254 (RJK)

Debtor.

---

WILLIAM F. WARD, II, a/s/f WARD
AUTOMATIVE, INC.,

Civil No. 06-2004 (JRT)

Appellant,

**MEMORANDUM OPINION
AND ORDER AFFIRMING
THE BANKRPUTCY COURT ORDER**

v.

ROSEDALE LEASING, LLC,,

Appellee.

---

Mark J. Kalla, Monica L. Clark, and Surya Saxena, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for appellant.

Konstandinos Nicklow, **MESHBESHER & SPENCE, LTD.**, 1616 Park Avenue, Minneapolis, MN 55404, for appellee.

This matter is before the Court on appeal from a final order of United States Bankruptcy Judge Robert J. Kressel, filed April 11, 2006. By that order, the Bankruptcy Court determined that debtor William F. Ward's ("Ward") debt to Rosedale Leasing, LLC ("Rosedale Leasing") in the amount of $360,719.00 was excepted from the debtor's

bankruptcy discharge.  For the reasons discussed below, the Court affirms the Bankruptcy Court order.

## BACKGROUND

Rosedale Leasing provides financial services, including financing for purchasing and leasing vehicles.  In 2000, Rosedale Leasing entered into an agreement with Ward, pursuant to which Rosedale provided financing for Ward to acquire and resell luxury vehicles.  At the hearing before the Bankruptcy Court Judge on April 11, 2006, Ward testified regarding the terms of the agreement and his relationship with Rosedale Leasing.  Ward stated that, under the agreement, Ward would find a vehicle, Rosedale Leasing would finance its purchase, Ward would obtain possession and title to the vehicle, Ward would sell the vehicle, and then Ward would use the sale proceeds to pay back Rosedale Leasing the amount previously financed to buy the vehicle, plus a percentage of the profits from its resell.  Rosedale Leasing would receive 60% of the profits from the sale of the vehicle, and Ward would receive 40%.  Ward's testimony regarding the agreement was corroborated by Dennis Hecker ("Hecker") owner of Rosedale Leasing, who also testified before the Bankruptcy Court Judge.

Ward also testified that after September 11, 2001, his business decreased, and he began to have difficulty meeting his financial obligations to various creditors.  Ward purchased a Porsche in November 2002.  Ward later sold the Porsche, however, he did not use the proceeds of the sale to repay Rosedale Leasing, but rather used the proceeds to pay other creditors.  In March 2003, Ward purchased another luxury car, an "SL 55."

Ward did not disclose to Rosedale Leasing that he was no longer using the proceeds from the sale of vehicles to repay Rosedale Leasing, and that instead he was using the proceeds to pay other creditors. Ward continued this practice with several other cars.

In 2003, Rosedale Leasing learned that Ward was being pursued by other creditors, and Hecker confronted Ward about his financial situation. Ward and Hecker testified that Ward assured Hecker that Rosedale Leasing had nothing to worry about. In 2004, after Ward had ceased buying and reselling vehicles, and after Hecker had confronted Ward about his financial situation, Ward destroyed all the documents relating to the vehicle sales. At the hearing, Ward stated that he destroyed the documents, which were contained in three to four boxes, because he did not have enough space to keep them.

In July 2005, Ward filed a Chapter 7 Bankruptcy petition in the United States Bankruptcy Court. In October 2005, Rosedale commenced an adversary proceeding against Ward in the Bankruptcy Court objecting to Ward's discharge. In November 2005, Rosedale Leasing filed an amended complaint in the Bankruptcy Court, adding a claim of fraud under § 523(a)(2)(A) of the Bankruptcy Code.

## ANALYSIS

### I.    STANDARD OF REVIEW

In bankruptcy proceedings, the District Court sits as an appellate court and applies the same standard of review as the Court of Appeals. *In re Muncrief*, 900 F.2d 1220, 1224 (8th Cir. 1990); *Rampy v. Messerli*, 224 B.R. 701, 704 (D. Minn. 1997). The

bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo. *Id.*; Fed. R. Bankr. P. 8013. A district court sitting in review of the decision of a bankruptcy court may affirm the bankruptcy court's decision on any ground supported by the record. *In re Slatkin*, 310 B.R. 740, 744 (C.D. Cal. 2004) (citing *Padilla v. Terhune*, 309 F.3d 614, 618 (9th Cir. 2002)); *see also Godfrey v. Pulitzer Publ'g Co.*, 276 F.3d 405, 409-10 (8th Cir. 2002) (stating that an appellate court may affirm "on any grounds supported by the record").

## II.    SECTION 523(a)(2)(A)

Under § 523(a)(2)(A), a discharge under section 727, 1141, or 1328(b) of the Bankruptcy Code does not discharge an individual debtor from any debt to the extent the debt was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). To succeed in a § 523(a)(2)(A) claim, the creditor must prove the following elements: (1) that the debtor made false representations; (2) that at the time made, the debtor knew them to be false; (3) that the representations were made with the intention and purpose of deceiving the creditor; (4) that the creditor reasonably relied on the representations; and (5) that the creditor sustained the alleged injury as a proximate result of the representations having been made. *In re Van Horne*, 823 F.2d 1285, 1288 (8th Cir. 1987) (abrogated on other grounds by *Grogan v. Garner*, 498 U.S. 279 (1991). A borrower has the duty to divulge all material facts to the lender, and a debtor's silence

regarding a material fact can constitute a false representation actionable under §
523(a)(2)(A). *Id.*

In *Van Horne*, the debtor sought and received an extension of credit from his
mother-in-law.  At that time, he had decided to divorce his wife, however, he did not
disclose his decision to his mother-in-law.  It was undisputed that had his mother-in-law
known that the debtor was intending to divorce her daughter, she would not have granted
him an extension of credit.  The Eighth Circuit held that, under those circumstances, the
debtor's failure to disclose his intention to divorce the lender's daughter constituted a
material omission actionable under § 523(a)(2)(A).  *Id.*

On appeal, Ward argues that the Bankruptcy Court improperly excepted Ward's
debt to Rosedale under § 523(a)(2)(A), arguing that the Bankruptcy Court's factual
findings were clearly erroneous.  Specifically, Ward argues that there was no evidence
that Ward made misstatements to Rosedale Leasing, or that Rosedale Leasing
detrimentally relied on any such misstatements.

The Court disagrees.  Based on the reasoning in *Van Horne* and the testimony at
the hearing, the Court finds that the Bankruptcy Court properly determined that all the
elements of § 523(a)(2)(A) claim were present in this case.  Notably, Ward testified at the
hearing that, under the terms of the agreement with Rosedale Leasing, he was supposed
to use the proceeds from the sale of cars to repay Rosedale Leasing, but that he stopped
repaying Rosedale and began using the proceeds to pay other creditors.  Further, Ward
also admitted under oath that he did not disclose to Rosedale Leasing the fact that he was
diverting proceeds from the cars to other creditors.  Finally, based on testimony at the

hearing by Ward and Hecker, it was undisputed that if Rosedale Leasing had known that Ward was using the proceeds to pay other creditors, Rosedale Leasing would not have continued to finance the purchase of additional cars.  As the Bankruptcy Court noted, Ward's failure to disclose that he was using the proceeds to pay other creditors constituted a material omission, actionable under § 523(a)(2)(A).  Thus, the Court finds that the Bankruptcy Court's findings of fact were not "clearly erroneous," and indeed, were amply supported by testimony of Ward himself.

## III.    AMENDED COMPLAINT

In the original adversary complaint, Rosedale Leasing objected to Ward's discharge and sought relief under Section 727 of the Bankruptcy Code.  One month later, before Ward had filed an answer, but after the statute of limitations had expired, Rosedale Leasing filed an amended complaint, adding a cause of action under § 523(a)(2)(A).  On appeal, Ward contends that although he requested in his trial memorandum that the amended complaint be dismissed for failure to relate back to the original complaint, the Bankruptcy Court did not address this issue at trial, and argues that the Bankruptcy Court's failure to address this issue constitutes reversible error.

The Court disagrees, and finds that the amended complaint did sufficiently relate back to the original complaint, such that the amended complaint was not time-barred. *See In re Jagitsch*, 201 B.R. 961, 963 (Bankr. E.D. Ark. 1996) (permitting amended complaint where amended complaint related back to timely, original complaint).  The underlying factual allegations were the same in both complaints, and Ward was put on

notice that Rosedale Leasing was asserting a claim under § 523(a)(2)(A) in the original complaint.[1]  Moreover, Ward has not shown or alleged that he suffered any prejudice at trial as a result of the amended complaint.

## ORDER

Based on the foregoing records, files, and proceedings herein, the Court **AFFIRMS** the Order of the Bankruptcy Court.


DATED:    September 7, 2006                    _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                      United States District Judge

---

[1] Indeed, counsel for Rosedale Leasing acknowledges that the failure to include a claim under § 523(a)(2)(A) in the original complaint was simply a mistake.  *Cf. Jagitsch*, 201 B.R. at 963 (permitting amended complaint where failure to include claim under § 523(a)(2)(A) in original complaint was a mistake, and where debtor was clearly put on notice of a claim under § 523(a)(2)(A) by the underlying factual allegations in the complaint).